PILGRIM LAUNDRY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.
UNIT SYSTEM LAUNDRY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51087, 51088. Promulgated August 9, 1932.

*J. D. Kiley, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined deficiencies of $3,961.34 and $506.17, respectively, in income taxes for 1928 of the Pilgrim Laundry Company and Unit System Laundry Company. The petitioners contend that net losses sustained by the Beacon Laundry Company in 1926 and 1927 are deductible in the computation of the consolidated net income of that company and the petitioners for 1928. The facts were stipulated as follows:

1. The Pilgrim Laundry Company, one of the petitioners in the above-entitled proceeding, was incorporated under the laws of the State of Massachusetts, and during the years 1926, 1927 and 1928 maintained its offices and principal place of business at 65 Allerton Street, Boston, Massachusetts. The Unit System Laundry Company was incorporated under the laws of the State of Massachusetts, and during the years 1926, 1927 and 1928 maintained its offices and principal place of business at 32 Parkman Street, Dorchester, Massachusetts. The Beacon Laundry Company was incorporated under the laws of the State of Massachusetts and during the years 1926, 1927 and 1928 maintained its offices and principal place of business at 14 Lenox Street, Boston, Massachusetts.

2. In November, 1921, the Pilgrim Laundry Company acquired all of the issued and capital stock of the Unit System Laundry Company and in November, 1926, acquired all the issued and outstanding capital stock of the Beacon Laundry Company, and has continued to hold this stock up to the present time.

3. For the years 1926 and 1927 the Pilgrim Laundry Company, the Unit System Laundry Company, petitioners herein, and the Beacon Laundry Company filed separate income tax returns. For the year 1928 the three corporations filed a consolidated income tax return. The consolidated income tax return for the year 1928 was filed with the Collector of Internal Revenue for the District of Massachusetts at Boston, Massachusetts.

4. The Pilgrim Laundry Company had a taxable net income for the years 1926, 1927 and 1928 as follows:

| | |
|---|---|
| 1926 | $44,523.00 |
| 1927 | 53,041.84 |
| 1928 | 42,091.34 |

5. The Unit System Laundry Company had a net taxable income for the years 1926, 1927 and 1928 in the following amounts:

| | |
|---|---|
| 1926 | $7,934.57 |
| 1927 | 5,190.48 |
| 1928 | 5,378.24 |

6. The Beacon Laundry Company sustained net losses for the years 1926, 1927 and 1928 in the following amounts:

| | |
|---|---|
| 1926 | $18,886.66 |
| 1927 | 32,739.50 |
| 1928 | 10,240.35 |

The net losses referred to herein are statutory net losses within the meaning of Section 206 of the Revenue Act of 1926 and Section 117 of the Revenue Act of 1928.

7. In his notices of deficiency from which the appeals are taken, the Commissioner has refused to allow the consolidated group to deduct from the consolidated net income for the year 1928, the net losses sustained by the Beacon

Laundry Company for the years 1926 and 1927, while the taxpayer contends that such net losses should properly be deducted from consolidated net income for the year 1928.

In principle, there is no difference between the situation here and that dealt with in *Woolford Realty Co.* v. *Rose*, 286 U. S. 319, and *Planters Cotton Oil Co.* v. *Hopkins*, 285 U. S. 533. The earlier net losses of the Beacon Company are available only to that corporation, " and this is as true in respect of affiliated corporations as of independent corporations." *Delaware & Hudson Co.*, 26 B. T. A. 520.

The petitioners argue that they might have filed consolidated returns for 1926 and 1927, applying the Beacon Company's current losses as respective offsets against their own incomes, and that their failure to do so is a reason for their present claim. Since, however, they elected to disregard their statutory affiliation and to file separate returns, there is no avoiding the adverse consequences of the election, *Radiant Glass Co.* v. *Commissioner*, 54 Fed. (2d) 718; *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120. But even if that doctrine could be set aside here and the affiliation given effect for 1926 and 1927, it would not result that the losses of the Beacon Company could be used by its affiliates or the affiliated group in 1928, which is the only year now under consideration. In an affiliated group the loss of one member may be used to offset the contemporaneous income of other members in computing the consolidated net income, but no part of its prior losses may be so used, nor may the unused excess of its current loss be carried forward except for its own use.

*Judgment will be entered for the respondent.*